### UNITED STATES v. ROBINSON.

### SAME v. AMERICAN ELECTRIC NOVELTY & MANUFACTURING CO.

(Circuit Court, S. D. New York. May 17, 1905.)

Nos. 3,746, 3,748.

CUSTOMS DUTIES—CLASSIFICATION—MOLDED LENSES.

It is necessary that lenses should be both ground and polished in order to be brought within the provision of paragraph 109, Schedule B, § 1, c. 11, Tariff Act July 24, 1897, 30 Stat. 158 [U. S. Comp. St. 1901, p. 1635], for "lenses * * * ground and polished to a spherical, cylindrical or prismatic form"; and where they have been brought to such form by molding they are not within that provision.

On Application for Review of Decisions of the Board of United States General Appraisers.

For decision below see G. A. 5,841, T. D. 25,760, which related to certain paste imitations of rock crystal, in the form of plano-convex lenses, imported at the port of New York by Harry Robinson and American Electric Novelty & Manufacturing Company.

These articles were classified by the collector of customs at said port under the provision in paragraph 109, Schedule B, § 1, c. 11, Tariff Act July 24, 1897, 30 Stat. 158 [U. S. Comp. St. 1901, p. 1635], for "lenses * * * ground and polished to a spherical, cylindrical or prismatic form," and were claimed by the importers to be dutiable under paragraph 435, Schedule N, 30 Stat. 192 [U. S. Comp. St. 1901, p. 1676], as imitation precious stones. The Board of General Appraisers found them to have been commercially known as imitation precious stones at the time of the passage of said act of 1897, but that more recently their chief use had been diverted from the construction of jewelry to the manufacture of electric pocket and bicycle lamps, etc., and that they had

not been "ground and polished," but molded, to a spherical form. They were therefore held to be excluded from said paragraph 109 and to be dutiable as imitation precious stones, as claimed by the importers.

Charles Duane Baker, Asst. U. S. Atty.

Everit Brown, for importers.

TOWNSEND, Circuit Judge (orally). The evidence before the Board of General Appraisers shows that the merchandise in question has not been ground and polished, but has been molded, to a spherical form. In order that lenses may be embraced within the provisions of paragraph 109 of the Tariff Act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule B, 30 Stat. 158 [U. S. Comp. St. 1901, p. 1635]), it is essential that they be brought to a spherical, cylindrical or prismatic form by both grinding and polishing; and, as the evidence shows that the result has not been thus accomplished in the present case, the decision of the Board of General Appraisers is affirmed.