UNITED STATES *v.* THE UNIVIS LENS Co. (No. 3580)[1]

---

[1] T. D. 46135.

United States Court of Customs and Patent Appeals, January 3, 1933

*Charles D. Lawrence*, Assistant Attorney General (*Hugo P. Geisler* and *Ralph Folks*, special attorneys, of counsel), for the United States.

*H. A. Toulmin* and *H. A. Toulmin, jr.*, for appellee.

[Oral argument December 8, 1932, by Mr. Folks and Mr. H. A. Toulmin, jr.]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

This is an appeal involving the classification of certain merchandise imported by appellee from England at the port of Dayton, Ohio, said merchandise being described in the invoices as "moulded bifocal lens blanks rough."

The merchandise was classified and assessed with duty by the collector at Cleveland under paragraph 227 of the Tariff Act of 1930, which paragraph reads as follows:

PAR. 227. Optical glass or glass used in the manufacture of lenses or prisms for spectacles, or for optical instruments or equipment, or for optical parts, scientific or commercial, in any and all forms, 50 per centum ad valorem.

There are several entries involved, and appellee duly filed protests against said classification and assessment with duty, claiming the merchandise dutiable under the following provision of paragraph 226 of said tariff act:

PAR. 226. Lenses of glass or pebble, molded or pressed, or ground and polished to a spherical, cylindrical, or prismatic form, * * * wholly or partly manufactured, with the edges unground, 40 per centum ad valorem; * * *.

Upon the trial in the court below appellee introduced testimony and offered in evidence three exhibits representative of the merchan-

dise involved, which exhibits were admitted by the court. The Government offered no testimony.

The lower court sustained the protests and entered judgment accordingly. From such judgment this appeal is taken.

It appears from the testimony that the merchandise was made from raw glass and before importation had undergone eight distinct processes of manufacture, the first of which was the molding of the raw glass into the form of blanks having concave and convex surfaces, at which stage it was dedicated to the making of lenses for spectacles. Then seven other processes of manufacture took place, resulting in an unfinished or partially manufactured bifocal lens. Included in these processes are grinding and what the witness for appellee described as a rough polishing of the concave surface of the blank. In the condition imported the merchandise is sold to the trade, and further manufacturing processes are added only as prescribed by the oculist or optometrist to fit the lens to the particular needs of the ultimate user of the spectacles.

We do not deem it necessary to describe further the processes of manufacture of the merchandise prior to importation, for it is clear from the foregoing that it is not optical glass, as classified by the collector, and dutiable under paragraph 227, but consists of partly manufactured lenses, "molded or pressed," and is dutiable under paragraph 226, as held by the lower court and claimed by appellee.

The fact that, after being molded, the blanks before importation were subjected to other manufacturing processes not described in said paragraph 226 can not serve to take the merchandise out of said paragraph and place it in paragraph 227. It would be an illogical construction of paragraph 226 to hold that the first manufacturing process, viz, molding, took it out of paragraph 227 and brought it within paragraph 226, but that additional manufacturing processes in the making of a finished lens threw it back under paragraph 227.

The Government in its brief and upon oral argument ignores that phrase in paragraph 226 reading "wholly or partly manufactured" and treats the paragraph as requiring the lens to be complete or wholly manufactured before it may be classified thereunder. It also construes the paragraph as requiring that glass, molded or pressed, shall also be ground and polished to come within the paragraph. It will be observed that the paragraph does not read "molded or pressed, *and* ground and polished," but reads "molded or pressed, *or* ground and polished." (Italics ours.) Either molding or pressing, or grinding and polishing, brings the involved article within paragraph 226.

The Government further relies upon the case of *United States* v. *Robinson*, 140 Fed. 968, wherein the court said:

The evidence before the Board of General Appraisers shows that the merchandise in question has not been ground and polished, but has been molded,

378

to a spherical form. In order that lenses may be embraced within the provisions of paragraph 109 of the Tariff Act of 1897 (Act of July 24, 1897,.c. 11, §1, Schedule B, 30 Stat. 158 [U. S. Comp. St. 1901, p. 1635]), it is essential that they be brought to a spherical, cylindrical or prismatic form by both grinding and polishing; and, as the evidence shows that the result has not been thus accomplished in the present case, the decision of the Board of General Appraisers is affirmed.

This decision was rendered with respect to the provisions of paragraph 109 of the Tariff Act of 1897, which read, so far as here pertinent, as follows:

109. Lenses of glass or pebble, ground and polished to a spherical, cylindrical, or prismatic form, * * * wholly or partly manufactured, with the edges unground, '* * *.

It will be observed that the phrase "molded or pressed" was not contained in the paragraph, and therefore the said case of *United States* v. *Robinson* has no application to the case at bar.

We would further observe that the testimony shows that, after the glass was molded, further processes of grinding and polishing took place. It may be that such processes would bring the merchandise within the phrase "ground and polished" as used in said paragraph 226. This, however, we do not find it necessary to decide.

The Government further relies upon the Summary of Tariff Information, 1929, volume 1, page 549, giving description and uses of lenses of glass. It is sufficient to say that we find nothing in the language cited inconsistent with the views hereinbefore expressed.

For the reasons stated the judgment of the United States Customs Court is *affirmed*.